UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

MICHAEL BENOIT                                    DOCKET NUMBER:6:10-CV-1110

VERSUS                                            JUDGE:

MICHAEL NEUSTROM, IN HIS CAPACITY      MAGISTRATE:
AS SHERIFF OF LAFAYETTE PARISH,
ROB REARDON, IN HIS CAPACITY AS
WARDEN OF THE LAFAYETTE PARISH
CORRECTIONAL CENTER
******************************************************************************

## COMPLAINT

NOW INTO COURT, comes Michael Benoit, through undersigned counsel, who respectfully states as follows:

1.

This is a civil action seeking damages against Defendants for committing acts, under the color of law, which directly resulted in unnecessary and wanton infliction of physical pain and injury to Michael Benoit and which deprived Michael Benoit of his rights secured under the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana; for acting and failing to act with deliberate indifference toward the health and safety of Michael Benoit with the intent to deprive Michael Benoit of the protections of law; and for refusing or neglecting to prevent such deprivations and denials to Michael Benoit.

2.

The Court has original, supplemental and concurrent jurisdiction to adjudicate the claims asserted in this action and those brought under the laws of the State of Louisiana pursuant to 28 U.S.C.§§ 1331, 1343, 1367 and 42 U.S.C. §1983. Venue is proper inasmuch as the conduct made the subject of this action occurred within the Western District of Louisiana.

3.

Michael Benoit is a citizen and resident of the Parish of Lafayette, State of Louisiana, and the United States of America.

4.

Defendant Michael Neustrom ("Neustrom"), individually and in his official capacity as Sheriff of the Parish of Lafayette who currently serves as sheriff and as the proper named party for the governmental entity which operates as the Lafayette Parish Sheriff's Department is named as a defendant.

5.

Defendant Rob Reardon ("Reardon"), individually and in his official capacity as warden of the Lafayette Parish Correction Center (LPCC) and an employee of the Sheriff of Lafayette Parish, is named as a defendant.

6.

At all times material to this Complaint, defendants acted under color of the statutes, customs, ordinances, usage and policies of the Sheriff of Lafayette Parish, the Lafayette Parish Sheriff's Department and the Lafayette Parish Correction Center.  Upon information and belief, each defendant is over the age of majority and a resident of Lafayette Parish, Louisiana.

7.

On or about December 7, 2007, Michael Benoit was arrested on charges including OWI - Third Offense. He appeared in front of Honorable Judge Glennon Everett on July 20, 2009. He received a sentence of 5 years at hard labor with all suspended except 30 days, with credit for time served, 4 years and 335 days of active supervised probation, fine and option of either DHH addiction evaluation or participation in a substance abuse treatment program.

8.

On July 22, 2009, the judgment was amended to 5 years hard labor, suspended, supervised probation for 5 years less 30 days conditioned upon 30 days in parish jail with all other conditions of parole to remain in effect.

9.

On July 20, 2009, Michael Benoit appeared in court awaiting sentencing. He was in court all day. Due to his severe alcoholism, he began suffering from the effects of said alcohol abuse and began experiencing detoxification, including symptoms of uncontrollable shaking and confusion. Michael Benoit has a history of alcoholism and a history of experiencing seizures upon withdrawal from alcohol.

10.

Upon sentencing, Michael Benoit's wife, Sheila Benoit, became concerned for Michael Benoit's medical condition. (The Benoits were not married at the time of the incident). As a result, the bailiff on duty was advised of Michael Benoit's condition by his (Michael Benoit's) defense attorney in an effort to have Michael Benoit undergo a medical evaluation upon transfer to the Lafayette Parish Correctional Center after sentencing.

11.

On July 20, 2009, Michael Benoit was transferred to Lafayette Parish Correctional Center and held as prisoner involuntarily in the Lafayette Parish Correctional Center and under the control and custody of the Sheriff of Lafayette Parish. The Lafayette Parish Correctional Center is operated and staffed by the Sheriff's Department of Lafayette Parish and its employees with Warden Rob Reardon acting as the official on-site head administrator of the facility.

12.

Michael Benoit was being held as a prisoner in the section of the correction center which included individual cells and a common area that is shared with other prisoners.

13.

The Deputies and Supervisors while acting under color of law and pursuant to official policy or custom set out by the defendants, Neustrom and Reardon, did intentionally, deliberately, knowingly and recklessly subject Michael Benoit to a known substantial risk of serious harm by allowing him to remain in his cell without pre-medical evaluation when he was obviously suffering from the effects of alcohol detoxification and when they were advised by individuals on Michael Benoit's behalf that he was, in fact, suffering from the effects of alcohol detoxification.

14.

On July 21, 2009, Michael Benoit was found in his cell lying face down in vomit. Ultimately, he was placed on an automated external defibrillator and a shock was delivered. Acadian Ambulance was then called and Michael Benoit was placed on telemetry by the paramedics and found to be unresponsive, in PEA having no pulse. He was intubated and CPR was administered and his pulse returned.

15.

Michael Benoit was transported to Our Lady of Lourdes Regional Medical Center where he was admitted and treated. His diagnosis included Hypoxic Brain Injury secondary to Seizure followed by Cardiac Arrest secondary to Alcohol Withdrawl and Hypoxic Encephalopathy Requiring 24 hour Monitoring and Guidance.

16.

Despite Michael Benoit's history and defendant's knowledge of same, defendants, including the medical care personnel employed by the Sheriff of Lafayette Parish, with deliberate indifference and/or negligence, delayed and/or failed to provide to Michael Benoit prompt and necessary medical care and attention upon transfer to LPCC and while incarcerated at LPCC to avoid the deleterious effects sustained by Michael Benoit as a result of his alcohol withdrawal.

**FIRST CAUSE OF ACTION**

1.

The defendants' acts and omissions set forth herein and to be proved at trial constitute gross and intentional violations of the due process clauses of both the Fourteenth Amendment of the United States Constitution and Article One, Section Two of the Louisiana Constitution which prohibit the deprivation of Michael Benoit's right to bodily integrity, prohibit him from being subjected to punishment, and protect him from the infliction of unnecessary and wanton serious bodily injury without due process of law.

2.

Defendants' violations of Michel Benoit's due process rights, both substantive and procedural, include:

(A) The defendants' policy, deliberate indifference and/or intentional subjection of Michael Benoit to physical harm;

(B) The defendants' policy, deliberate indifference and intentional failure to have and/or to follow adequate procedures for addressing medical issues concerning prisoners;

(C) The defendants' policy, deliberate indifference and intentional failure to properly

train, supervise and discipline its employees who possessed responsibility to protect Michael Benoit from physical harm;

(D) The defendants' policy and intentional and/or neglectful refusal to provide Michael Benoit adequate and prompt medical treatment and care.

Defendants failed to fulfill their affirmative duty to protect their prisoner, Michael Benoit from the deprivation of his right to bodily integrity and against serious injury.

Michael Benoit asserts a cause of action against the defendants for the violation of his Louisiana Constitutional rights and of his Fourteenth Amendment rights pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

1.

The defendants' acts and omissions set forth above and to be proved at trial constitute deliberate indifference to the known substantial risks of serious harm threatening Michael Benoit, and thereby, constitute gross and intentional violations of the United States Constitution's Eighth Amendment prohibitions against cruel and unusual punishment.

Further, defendants Neustrom and Reardon, failed to promulgate and enforce proper procedures providing prompt medical treatment to Michael Benoit by unnecessarily delaying treatment and placing Michael Benoit at medical risk in the cell in which he was detained, without medical evaluation and upon knowledge of his medical condition.

2.

The defendants' acts and omissions which caused and resulted in Michael Benoit's injuries were pursuant to policies and procedures in effect at the time of these events. Further, the defendants knowingly acted in concert and in agreement in violating Michael Benoit's

Eighth Amendment rights.  Michael Benoit asserts a cause of action against the defendants for the violation of his Eighth Amendment rights pursuant to 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION

1.

Defendants owed affirmative duties to Michael Benoit including but not limited to the duty  to protect him against serious harm and injury while in their custody.  Based upon the allegations set forth above, Michael Benoit asserts causes of action pursuant to the laws of the State of Louisiana for the violation of these duties including acts and omissions which constitute an actionable injury, including negligence, intentional negligence and negligence per se under Louisiana law including Louisiana Civil Code Articles 2315 and 2317 and which resulted in the injuries and damages he suffered.

2.

Each defendant is directly liable for each act and omission of negligence, intentional negligence, gross negligence and negligence per se including the failure to properly provide medical evaluation, care, and treatment to Michael Benoit and the failure to provide access to proper and timely medical evaluation, care and treatment.

### FOURTH CAUSE OF ACTION

1.

Further, based upon the allegations set forth above, Michael Benoit asserts a cause of action  against one or more of the named defendants by asserting against each vicarious liability under the laws of the State of Louisiana and under the doctrine of respondeat superior for the acts and omissions of negligence, intentional negligence, gross negligence and negligence per se of each defendant or individual who is employed or supervised by one or

more of the named defendants.

## FIFTH CAUSE OF ACTION

1.

Based upon the allegations set forth above and the facts to be demonstrated at trial, Michael Benoit asserts a cause of action for the intentional infliction of emotional distress for the extreme and outrageous conduct intended by the defendants to inflict certain and serious injury upon him.

## DAMAGES AND RELIEF

1.

As a proximate cause of the acts and omissions of the defendants, Michael Benoit suffered the following for which he entitled to compensation:

  a. Past and future medical expenses;

  b. Past and future home care expenses;

  c. Past and future pain and suffering;

  d. Past and future mental anguish;

  e. Past and future damages for permanent disability;

  f. Past and future loss of life's enjoyment;

  g. Past and future economic damages;

  h. Deprivation of rights and liberties.

2.

The damages suffered by Michael Benoit as a direct result of the defendants' wrongful and illegal actions and omissions include all lawful compensatory damages, punitive damages, attorney's fees, costs of this action and such other relief as the Court deems just and

equitable.

3.

Further, Michael Benoit seeks injunctive relief ordering the defendants, their agents, and employees to take appropriate affirmative steps to train and to prevent personnel from engaging in the practices complained of herein specifically including subjecting prisoners to imminent physical injury and permanently enjoining the defendants from violating the civil and constitutional rights of Michael Benoit and any other citizens detained in the Lafayette Parish Correction Center.

WHEREFORE, Michael Benoit prays as follows:

I. Awards such compensatory and punitive damages as will fully compensate Michael Benoit for his damages suffered and any other actual injury that was occasioned as a result of Defendants' violation of his rights;

II. Awarding such costs, and attorney's fees as are necessary and proper as permitted under law;

III. That the Defendants, their agents, and employees be ordered to take appropriate affirmative steps to prevent engaging in the practices complained of herein and the Defendants are permanently enjoined from violating the civil rights of individuals by subjecting them to physical harm or the threat of physical harm;

IV. Awarding all additional relief and civil penalties as the interests of justice require including judicial interest.

                Respectfully submitted,

                **s/ Rebekah R. Huggins**
                Bar Roll No. 22381
                Attorney For Plaintiff
                The Glenn Armentor Law Corporation
                300 Stewart Street
                Lafayette, LA 70501
                Phone: 337-233-1471
                Fax: 337-233-5655
                E-mail: rhuggins@glennarmentor.com


**PLEASE SERVE**

**Michael Neustrom, in his**
**capacity as Sheriff of Lafayette Parish**
Lafayette Parish Sheriff's Office
316 W. Main Street
Lafayette, Louisiana 70501

**Rob Reardon**
**Personal service only**
**at his place of employment**
Lafayette Parish Sheriff's Office
316 W. Main Street
Lafayette, Louisiana 70501