UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL BENOIT | CIVIL ACTION NO. 10-1110 |
| VERSUS | JUDGE MELANCON |
| MICHAEL NEUSTROM, IN HIS CAPACITY AS SHERIFF OF LAFAYETTE PARISH, ET AL | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Before the Court is the Rule 12(b)(6) Motion to Dismiss Based on Prescription or Alternatively Prematurity, filed on behalf of Advantage Nursing Services, LLC. [Doc. 28] The motion is opposed by Plaintiff.

*Background and Arguments of Parties*

Plaintiff Michael Benoit filed suit in this Court on July 9, 2010, against Michael Neustrom, individually and as Sheriff of Lafayette Parish and Rob Reardon, individually and as Warden of the Lafayette Parish Correctional Center. [Doc. 1] The suit alleged that on July 20, 2009, Benoit appeared for sentencing on his third OWI charge, exhibiting obvious signs of detoxification during his court appearance. During the sentencing, court personnel were allegedly advised of concern about Benoit's condition expressed by his fiancee(now Mrs. Benoit), seeking to have him evaluated upon his transfer to Lafayette Parish Correctional Center after the sentencing.   On the

same day, Benoit was transferred to LPCC for incarceration.

Plaintiff has alleged that he was allowed to remain in his cell without pre-medical evaluation, when he alleges he was obviously suffering the effects of alcohol detoxification. [Doc. 1, para. 13] By July 21, 2009, Benoit alleges he was found face-down and unresponsive in his cell.  He was treated by Acadian Ambulance personnel who then transported Benoit to Our Lady of Lourdes Regional Medical Center, where he was diagnosed with Hypoxic Brain Injury, secondary to seizure, followed by cardiac arrest, secondary to alcohol withdrawal and hypoxic encephalopathy. [Doc. 1, para. 15] Plaintiff asserted that the defendants,

> including the medical care personnel employed by the Sheriff of Lafayette Parish, with deliberate indifference and/or negligence, delayed and/or failed to provide to Michael Benoit prompt and necessary medical care and attention upon transfer to LPCC and while incarcerated at LPCC to avoid the deleterious effects sustained by Michael Benoit as a result of his alcohol withdrawal. [Doc. 1, para. 16; Emphasis added]

The Complaint avers that the named defendants violated Benoit's substantive and procedural due process rights, in contravention of 42 U.S.C. §1983 and the Eighth Amendment of the U.S. Constitution.  The complaint also alleges violations of state tort law, including negligence and intentional infliction of emotional distress.

On May 2, 2011, Plaintiff filed a First Supplemental and Amending Complaint to name as additional defendants the Sheriff's insurer Ace American Insurance Company and Advantage Nursing Services, LLC. [Doc. 18] Against Advantage,

Plaintiff alleged that he was not provided a proper medical evaluation and/or medical treatment upon his booking into the Lafayette Parish Correctional Center, or alternatively, if a medical evaluation did take place during or after booking, then Plaintiff alleged that Advantage and all originally named defendants did not provide proper medical evaluation/treatment for Plaintiff's symptoms, which allegedly led to his injuries as detailed in the original Complaint. No new factual details were offered regarding these claims. Plaintiff further referenced and adopted against the new defendant all allegations from the original complaint, including allegations of violations of §1983 and other intentional torts.

On May 3, 2011, Plaintiff filed a request for review by a medical review panel, asserting a 'medical malpractice action' against Advantage, based on the same allegations made in the amending Complaint. [Doc. 28-3]

In the Rule 12(b)(6) motion, filed by Advantage on June 30, 2011, Advantage asserts that it is a qualified health care provider as the term is defined in the Louisiana Medical Malpractice Act[1] and that the claims by Benoit against Advantage are medical malpractice claims, subject to a one year prescriptive period per La. R.S. 9:5628. Advantage argues that since the alleged acts of malpractice occurred during Benoit's

---

[1] A certificate of enrollment is evidence of a provider's qualified health care status and entitlement to the rights and protections afforded by the Medical Malpractice Act. See La. R.S. 40:1299.47(B)(1)(a)(ii). The certificate of enrollment was provided for Advantage by the Division of Administration, Patient's Compensation Fund. [Doc. 28-4]

incarceration in LPCC on July 20-21, 2009, the claims against Advantage in the amended Complaint filed May 2, 2011 are prescribed on the face of the pleadings. Advantage further asserts that since Benoit did not file a request for review by a medical review panel until May 3, 2011, then prescription on the malpractice claim was not interrupted or suspended by that action, or any other action. Alternatively, and in the event it is determined that prescription does not apply to the claims against Advantage, then the mover urges that Plaintiff's action against Advantage should be dismissed as premature, since under Louisiana's Medical Malpractice Act, no action may be brought in any court against a qualified health care provider, such as Advantage, before a proposed complaint is presented for review by a medical review panel, per La. R.S.40:1299.47(B)(1)(a)(i).

In response and opposition to the motion, Plaintiff has asserted that although the claims against Advantage were made more than one year after the medical emergency incident at the jail in July, 2009, that fact does not render the claims prescribed, since La. R.S. 9:5628 provides that an action for medical malpractice against a qualified health care provider must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect;...." La. R.S. 9:5628(A). Plaintiff asserts that the very existence of Advantage as a private, independent contractor providing nurses and nursing services at LPCC was not known to Plaintiff until Initial Disclosures were received

from the original defendants on October 7, 2010, and it was not known that Plaintiff was actually examined by any employee/representative of Advantage until receipt of discovery responses from the original defendants in early December, 2010. Thus, according to Plaintiff, the one year prescriptive period did not begin to run until October 7, 2010, at the earliest, and December 8, 2010, at the latest, and the filing of the amending complaint by Benoit on May 2, 2011 was within one year from the date of Benoit's discovery of malpractice as contemplated by the Louisiana statute. Benoit asserts that if he "did not know of the existence of Advantage Nursing, L.L.C. nor of its examination of plaintiff, it would be impossible for plaintiff to allege a cause of action against said defendant within one year from the date of the subject incident." [Doc. 33, p. 4]

On the alternative prematurity argument presented by Advantage, Plaintiff concedes that his claims have yet to be presented to a medical review panel pursuant the provisions of the Medical Malpractice Act at La. R.S. 40:1299(B)(1)(a)(i), and he does not challenge Advantage's status as a qualified health care provider under the MMA. But, says Plaintiff, any claims he may have articulated against Advantage which fall outside the purview of the MMA would not be premature, and those claims remain viable due to the interruption of prescription on those claims by the timely-filed suit against the original defendants.

## *Applicable Law and Discussion*

As an initial matter, the Court will consider and treat the Motion to Dismiss as a motion for summary judgment under Rule 56, since matters outside the pleadings are presented to and not excluded by the court. Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990); Isquith for and on behalf of Isquith v.Middle South Utilities, Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988)(The court has complete discretion, based on a determination of whether or not the proffered material and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure is likely to facilitate the disposition of the action, to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Minter v. Great American Ins. Co. of New York, 423 F.3d 460, 465 (5th Cir. 2005). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008), citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing

the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Id*. All facts and justifiable inferences are construed in the light most favorable to the nonmovant. Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008), citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.  Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008), citing Celotex Corp. v. Catrett, 477 U.S. at 325. The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. Condrey v. SunTrust Bank of Georgia, 431 F.3d 191, 197(5th Cir. 2005).

The focus of the motion before the court, by both parties, has been on Plaintiff's claims of medical malpractice against Advantage.  While the parties have generally addressed the plaintiff's allegations against Advantage as arising out of medical malpractice, the court notes that the complaint and amending complaint also allege

"deliberate indifference" and "intentional" acts by all defendants, and the pleadings do not foreclose other non-malpractice claims against Advantage.[2] While Advantage attempts to address those in a reply brief, the viability of those claims are not before the court at this juncture as they were not raised in the motion.

In any event, for the purposes of this analysis, the court need only consider Advantage's alternative claim that Plaintiff's medical malpractice claims against Advantage are subject to dismissal since they are premature. Advantage asserts that as a qualified health care provider, it cannot be sued in medical malpractice before a complaint is presented for review to a medical review panel, per the requirements of La. R.S. 40: 1299.47(B)(1)(a)(i). The status of Advantage as a 'qualified health care provider' has not been challenged or disputed by Plaintiff. It is likewise undisputed that the claim against Advantage has not been considered by a medical review panel to date. Thus, per the provisions of the MMA, any claim of medical malpractice against Advantage in this court is premature. Plaintiff, in brief and oral argument,

---

[2]Under the Medical Malpractice Act, "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. See La. R.S. 40:1299.41(A)(12). "Tort" means any breach of duty or any negligent act or omission proximately causing injury or damage to another. See La. R.S.40:1299.41(A)(22). "Health care" means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's care, treatment, or confinement, or during or relating to or in connection with the procurement of human blood or blood components. The term "Health care provider" is defined under La. R.S. 40:1299.41(A)(10) and includes any limited liability company whose business is conducted principally by health care providers.

essentially concedes this point, but argues that the claims against Advantage are not "wholly" premature because Plaintiff intended to present various constitutional claims which have been alleged in the pleadings, and any allegations, such as Eighth Amendment claims, which are not under the purview of the Medical Malpractice Act should not be deemed premature.

## *Conclusion*

On the issue of prematurity, the Court finds that the strict provisions of the MMA require that a medical malpractice claim cannot be filed in this court before a claim is lodged before a medical review panel. La. R.S. 40: 1299.47(B)(1)(a)(i). The summary judgment record is clear that suit in this case was filed against Advantage before the filing of a claim before a medical review panel. Thus, the medical malpractice claims of Plaintiff against Advantage are premature and not properly before this court. The Motion, converted to a motion for summary judgment per Rule 56, is GRANTED as to that claim, and the medical malpractice claims of Plaintiff against Advantage will be dismissed without prejudice.

Because the parties do not dispute the prematurity of the presentation of malpractice claims in this court, the court need not reach the issue of prescription of those claims as presented in the motion, and that part of the motion is therefore DENIED as moot. The Court makes no finding as to the viability of any other non-medical malpractice claims as those claims were not addressed in the motion itself and

cannot be addressed solely on the basis of the papers submitted in a reply brief.

Thus done this 25th day of August, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)