MICHAEL BENOIT                                    DOCKET NUMBER: 6:10-CV-1110

VERSUS                                            JUDGE MELANCON

MICHAEL NEUSTROM, IN HIS CAPACITY                 MAGISTRATE JUDGE HANNA
AS SHERIFF OF LAFAYETTE PARISH,
ROB REARDON, IN HIS CAPACITY AS
WARDEN OF THE LAFAYETTE PARISH
CORRECTIONAL CENTER
**************************************************************************

## ORDER

Considering the foregoing motion;

IT IS ORDERED, pursuant to the authority contained in 42 U.S.C. 1396p (the Omnibus Budget Reconciliation Act of 1993, or "OBRA '93"), there is hereby created and established a special needs trust to be entitled the "Michael Benoit Special Needs Trust" for the benefit of Michael Benoit in accordance with the provisions of 42 U.S.C. 1396p (the "Omnibus Budget Reconciliation Act of 1993") for the purposes of assisting Michael Benoit with securing/maintaining eligibility for Medicaid, Social Security, and related services and benefits in accordance with said Act and related provisions of law.

IT IS FURTHER ORDERED that the terms, conditions, and limitations of the "Michael Benoit Special Needs Trust" for the benefit of Michael Benoit shall be as follows, to-wit:

(1)   Name.   This trust shall be known as the "MICHAEL BENOIT SPECIAL NEEDS TRUST".

(2)   Beneficiary.   The beneficiary of this trust shall be Michael Benoit. Michael Benoit shall be the sole income beneficiary and sole principal beneficiary of this trust.

(3)   Purpose.   The intent and purpose of this trust is to improve the beneficiary's quality of life and maximize the resources available for the beneficiary by providing for those supplemental needs of the beneficiary not provided under federal or state governmental assistance programs without jeopardizing the beneficiary's eligibility or continuing qualifications under such existing or future programs. All actions of the Trustee shall be directed toward carrying out this intent and purpose. Neither the beneficiary nor the beneficiary's legal

representative shall be considered to have access to income and/or principal of the trust and shall have no power to direct the Trustee to make distributions of income and/or principal.

(4) <u>Distributions</u>. The Trustee may, in the Trustee's discretion, distribute so much of the income, principal or both from the trust to or for the benefit of the beneficiary in order to provide for the "special needs and supplemental benefits" (as hereinafter defined) of the beneficiary. The Trustee is prohibited from making distributions for basic support, maintenance, welfare, and medical purposes provided under governmental assistance programs. The Trustee's discretion in making distributions is limited to considering all other funds available to meet the beneficiary's needs, including governmental assistance.

(5) <u>Definition of "Special Needs and Supplemental Benefits"</u>. The supplemental nonsupport disbursements of income or principal that are appropriate for the Trustee to make from the trust, to or for the benefit of the beneficiary, to provide "Special Needs and Supplemental Benefits" shall include, but not be limited to, such care as medical, dental and diagnostic work, and treatment for which there are no private or public funds otherwise available; medical procedures that are desirable for the beneficiary's well being in the Trustee(s)'s discretion, even though they may not be necessary or life saving for which there are no private or public funds otherwise available; supplemental nursing care, and rehabilitative services, for which there are no private or public funds otherwise available; differentials in cost between housing and shelter for shared and private rooms in institutional settings that are not paid or otherwise covered by private or public sources of funding; reasonable expenditures for travel and cultural experiences for the beneficiary; computers and assistive technologies; the expenses of handicapping and equipping the beneficiary's home or other living quarters as may be reasonable and necessary in the Trustee's discretion to accommodate the beneficiary's disability where sufficient funds are not available through other public or private sources; the expense of providing an appropriate vehicle based upon beneficiary's disability for transporting the beneficiary as may be reasonable or necessary; the expense of providing state of the art equipment to assist the beneficiary with the beneficiary's living needs and to accommodate the beneficiary's disabilities where sufficient funds for such equipment are not available through public assisted programs or use of other private funds; rehabilitative equipment for the well-being of the beneficiary and any other nonsupport items as may be deemed appropriate for her, to provide medical, rehabilitative, educational, vocational, or recreational assistance in the discretion of the Trustee, and that private or public assist and programs may not or do not otherwise provide. The Trustee may purchase and hold residential real estate and may lease such property to the beneficiary to the extent necessary to preserve the beneficiary's eligibility for the maximum governmental benefits. The Trustee is prohibited from making any distribution to any governmental entity to replace or reimburse or supplant any public assistance benefit of any parish, state, federal, or other governmental agency which has the legal responsibility to serve persons with disabilities which are the same or similar to the impairments of the beneficiary, and shall not distribute trust assets or income to or for the benefit of the beneficiary for such needs as will be provided for in the absence of this trust by governmental financial assistance and/or benefits and/or by any provider of services. In no event shall trust income or corpus be distributed in such a manner that any governmental financial assistance, which would be available to the beneficiary if this trust did not exist, in any way is reduced, diminished, altered, or denied. All terms of this trust, wherever they may appear, shall be

interpreted to conform to this primary goal, mainly that governmental financial assistance which would otherwise be available to the beneficiary, if this trust did not exist, will in no way be reduced, diminished, altered, or denied.

(6) Subject to the distribution standards of Section 4, the Trustee may make payment for the benefit of the beneficiary to any legally appointed tutor, curator, or guardian of the beneficiary, to family members for the benefit of the beneficiary, or by direct payment of expenses incurred or to be incurred for the beneficiary's benefit.

(7) This trust is declared to be a spendthrift trust and the beneficiary's interest in this trust shall be subject to the maximum spendthrift restraints permitted by Louisiana law.

(8) The Trustee is prohibited from expending any of the trust principal or income for any property, services, benefits or medical expenditures where funds are otherwise available to the beneficiary from any governmental source or from any insurance carrier required to cover the beneficiary. The Trustee may pay any deductible amounts for the beneficiary on any insurance policies covering the beneficiary. The Trustee shall cooperate with the beneficiary's curator, tutor, or legal representative to seek support and maintenance for the beneficiary from all available resources, including but not limited to, the Supplemental Social Security Income Program (SSI); Supplemental Income Program (SIP) of Louisiana; the Old Age Survivor and Disability Insurance Program (OASDI); the Medicaid Program, and any additional, similar or successor programs; and from any private support sources. The Trustee may supplement, but may not supplant, services, benefits and medical care available to the beneficiary, that is available through any governmental or private resource.

(9) This trust shall be irrevocable and shall terminate upon the death of the beneficiary. Notwithstanding the aforesaid, in the event that the principal beneficiary dies intestate and without descendants during the term of the trust or at its termination, her interest as principal beneficiary shall vest in Sheila Benoit, who shall be deemed to be substitute beneficiary. The interests of the substitute beneficiary shall not be deemed to vest in said beneficiary until such time as the State has been reimbursed up to the total amount of the funds remaining in the trust in an amount equal to the total medical assistance paid on behalf of the principal beneficiary under the State's plan as provided in Section (10) hereinbelow.

(10) Notwithstanding anything to the contrary contained herein, and in accordance with the requirements of 42 U.S.C. § 1396p, upon the death of the beneficiary, the State of Louisiana will receive all amounts remaining in the trust up to an amount equal to the total medical assistance paid on behalf of said beneficiary under the State's plan. In the event that more than one state has paid medical assistance on behalf of the beneficiary, then upon the death of the beneficiary, all states that have paid such medical assistance on behalf of the beneficiary shall be entitled to receive and share on a pro-rata basis all amounts remaining in the trust up to an amount equal to the total medical assistance paid on behalf of said beneficiary under each state's plan.

(11) In the event the Trustee is requested to release any of the trust estate to the beneficiary, to pay for benefits that public assistance programs are authorized to provide, if not

for the existence of the trust, or in the event the Trustee is requested to petition the Court, or any other administrative agency, for the release of the trust principal, or income for such purpose, the Trustee is authorized and directed to deny such request, and are authorized, in the Trustee's sole discretion, to take whatever administrative or judicial steps the Trustee deems necessary to continue public assistance program eligibility for the beneficiary.

(12)  All reasonable expenses in maintaining, administering, and defending this trust, including but not limited to reasonable attorney's fees, accounting fees, Trustee's fees, and costs shall be a proper charge to the trust.

(13)  The validity of this trust shall be determined by the laws, including valid regulations, of the United States and the State of Louisiana.

(14)  It is recognized that the Trustee is not licensed, nor skilled in the field of social sciences or finances. The Trustee may seek the counsel and assistance of any tutor or curator of the beneficiary, or others, including any state and local agencies that are established to assist the disabled. The Trustee should use available resources to assist in identifying programs that may be of social, financial, developmental or other assistance to the beneficiary. The Trustee shall not in any event, however, be liable to the beneficiary or any other party for acts undertaken as Trustee in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to the beneficiary because of his disabilities.

(15)  Distributions may be made from the trust estate without prior court approval.

(16)  (a)  The Trustee may exercise all the powers granted under the Louisiana Trust Code, as amended, subject to the limitations created in this trust agreement.

(b)  Any Trustee acting under the terms of this instrument shall be entitled to reasonable compensation and reimbursement of the costs expended by the Trustee.

(c)  No power enumerated in this instrument shall be construed to enable any person to purchase, exchange or otherwise deal with or dispose of the principal or income of this trust, for less than adequate and full consideration in money or monies' worth.

(d)  Notwithstanding the irrevocability of this trust, the Trustee may amend this trust with the approval of a proper court to carry out the purpose of the trust as set forth in Section (3) in conformity with federal or state statutes or regulations enacted or promulgated in the future, including, but not limited to, 42 U.S.C. 1396p (the Omnibus Budget Reconciliation Act of 1993), or related statutes, and state statutes that are consistent with the provisions and purposes of the aforesaid Acts and/or amendments to such Acts.

(e)  Sheila Benoit shall be the Trustee of the trust created herein. No Trustee shall be required to furnish security for the performance of his/her duties. In the

event that said Trustee is unable or unwilling to serve, an appropriate individual shall be chosen to serve as alternate or successor Trustee. The Trustee is relieved from liability to the full extent permitted by La. R.S. 9:2206 and other provisions of the Louisiana Trust Code and Louisiana Law.

(f)   Any Trustee and/or any successor to any Trustee shall have the right, power, and authority to name and designate his or her successor Trustee in his or her own last will and testament.

IT IS FURTHER ORDERED that Sheila Benoit be and she is hereby appointed as Trustee of the "Michael Benoit Special Needs Trust" and that in her capacity as Trustee, she is hereby authorized to transfer Michael Benoit's net share of the proceeds of the settlement of the captioned lawsuit into said Trust in accordance with the terms and conditions set forth hereinabove.

THUS DONE AND SIGNED at  Lafayette , Louisiana, this  14th  day of  May , 2013, after due and complete reading of the whole.

_____
JUDGE